**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 95-10856
(Summary Calendar)

ANNAMMA JOSEPH,

Plaintiff-Appellant,

versus

SHIRLEY S. CHATER,
Commissioner of Social Security,

Defendant-Appellee.

Appeal from the United States District Court
For the Northern District of Texas
(3:94-CV-2184-G)

April 11, 1996

Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM[*]:

Plaintiff-Appellant Annamma Joseph, a registered nurse who has suffered for years from the effects of diabetes and arthritis, appeals the judgment of the district court affirming the ruling of the Administrative Law Judge (ALJ) which denied her status as disabled and thus her disability insurance benefits under 42 U.S.C.

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

§ 405(g).  Despite agreeing with Joseph that the ALJ committed errors of a technical nature, we do not find any of them — or all of them, cumulatively — sufficiently egregious to constitute reversible error when the case is viewed under the  totality of the circumstances, and we therefore affirm.

Without rehashing the procedural history of the case or its long medical history, we conclude from our examination of the briefs of the parties and the record of the case that all of Joseph's arguments depend on the correctness of the ALJ's threshold finding that she suffers no nonexertional limitations.  In this regard, Joseph is correct in asserting that the ALJ erred when, after acknowledging her "grasping" limitation, he distinguished it from "handling, fingering or feeling" by categorizing grasping as exertional.  More important to the overall view of the case, the ALJ noted that the hypothetical question posed to the vocational expert in this case required that "full credibility" be given to Joseph's testimony.  By implication, the ALJ was unwilling to do that.  Although the record reflects that Joseph consistently complained to her doctors about pain, tenderness and weakness in her hands, there are few objective medical findings to support those complaints.  The initial x-rays of her hands in 1988 were negative; in February 1990, her physician noted "persistent swelling of her left fourth phalanx" but not in the rest of her hand; "no active synovitis of the small joints of her hands" were seen in May 1990; another physician's notes on his examination of Joseph's extremities made no reference to her hands, although he

2

did note in August 1992 that her joints had become inflamed to some degree; in September 1992, another physician stated that an examination of Joseph's joints was "unremarkable" except for one toe on one of her feet; and, in January 1993, this physician noted "no synovitis in the small joints of her hands [and] wrists."  In sum, there is little objective evidence to show that Joseph's hand limitation was significant.

Especially in light of the deferential "substantial evidence" standard of review of cases such as this, we conclude that the errors of the ALJ do not rise to the level of "reversible" when viewed in light of the entire record and the totality of the circumstances.  For the foregoing reasons, therefore, the judgment of the district court is, in all respects,

AFFIRMED.